**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

BRYAN KEITH TABER,
ADC #116153                                                                          PLAINTIFF

V.                                    4:10-cv-00720-JLH-JJV

GARY STEWART, Dr., Faulkner
County Detention Center; *et al.*                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Homes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a
        hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the
        District Judge in the form of an offer of proof, and a copy, or the original, of any
        documentary or other non-testimonial evidence desired to be introduced at the

1

hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who was a pretrial detainee at the Faulkner County Detention Center, filed a *pro se* complaint (Doc. No. 2) against jail officials alleging various constitutional violations. His lawsuit was filed on June 22, 2010 and file-marked copies were mailed to him at the Faulkner County Detention Center by the Clerk of the Court. On July 1, 2010, this correspondence was returned to the Court as undeliverable (Doc. No. 4). His request for leave to proceed *in forma pauperis* was granted by the Court on July 1, 2010 (Doc. No. 5). Plaintiff was also directed to submit an Amended Complaint setting forth certain specific information regarding the facts supporting his claims, and was directed to do so within thirty (30) days of the entry date of the order. In that Order, Plaintiff was cautioned that the failure to file an Amended Complaint could result in dismissal of his action without prejudice. This Order was mailed to Plaintiff at the Faulkner County Detention Center, the only address Plaintiff had provided. The Order was returned to the Court as undeliverable on July 13, 2010 (Doc. No. 8).

On July 9, 2010, the Court received a Notice of Change of Address (Doc. No. 7) from Plaintiff that reflected his release from confinement. On July 13, 2010, the Court's July 1 Order was returned as undeliverable (Doc. No. 8). The Clerk of the Court then resent that Order and all the other returned mail to Plaintiff's new address on July 14, 2010. It has not been returned as

undeliverable. Nevertheless, Plaintiff has not submitted an Amended Complaint, requested additional time to respond, or otherwise acknowledged the Court's Order.

Under these circumstances, the Court concludes that Plaintiff has failed to comply with Local Rule 5.5(c)(2) and his complaint should be dismissed. *See also* FED. R. CIV. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'"); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that:

1.     Plaintiff's complaint (Doc. No. 2) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and any pending motions be DENIED as moot.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 23rd day of August, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE